defendant concededly contributed in making improvements to the premises in question.

From the facts of the instant matter, the inescapable conclusion is that the plaintiff cannot prevail. She failed to sustain the burden of proof which the law demands in such a case. On the contrary, the evidence establishes a voluntary conveyance made for a valid consideration. In any event, the deed here was the result of a family settlement and should not be set aside.

As to the defendant's counterclaim for reimbursement for improvements which he made to the properties prior to the execution of the deed and the agreement, they are presumed to be a gift. *Selover v. Selover*, 62 *N. J. Eq.* 761 (*E. & A.* 1900); *Prisco v. Prisco*, 90 *N. J. Eq.* 289 (*E. & A.* 1918); *Luebbers v. Luebbers*, 97 *N. J. Eq.* 172 (*Ch.* 1925); *Strong v. Strong*, 134 *N. J. Eq.* 513 (*Ch.* 1944), affirmed 136 *N. J. Eq.* 103 (*E. & A.* 1944).

Both the complaint and the counterclaim will be dismissed.

THE TRAVELERS INSURANCE COMPANY, PLAINTIFF, v. LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK. JOSEPH A. MARTIN AND HARRY COHN, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided June 13, 1952.

266

*Mr. William L. Dill, Jr.,* for the plaintiff (*Messrs. Stryker, Tams & Horner,* attorneys).

*Mr. Isidor Kalisch* for the defendant Lumber Mutual Casualty Insurance Company of New York (*Messrs. Kalisch & Kalisch,* attorneys).

*Mr. Harry Cohn* for the defendant Joseph A. Martin and *pro se.*

FREUND, J. S. C. This is an interpleader action requiring construction of *R. S.* 34:15–40, as amended, of the Workmen's Compensation Act, as it pertains to attorney's fees with respect to a sum realized as the result of an injured employee's third-party suit.

Joseph A. Martin was employed by F. W. Steele, whose compensation insurance carrier was the Lumber Mutual Casualty Insurance Company of New York, hereinafter called the insurance carrier. On December 21, 1950, he

sustained an injury in the course and scope of his employment through the alleged negligence of a third party, Emil A. Schroth, who was insured by the Travelers Insurance Company, the plaintiff herein. Martin filed a petition for workmen's compensation, and on August 3, 1951, a judgment was entered in his favor by the Division of Workmen's Compensation. The award was for temporary and permanent disability, medical and hospital expenses, and totalled $6,072.03. On April 10, 1951, Martin, through his attorney, Harry Cohn, also a defendant herein, instituted a common law action against Schroth in the Superior Court to recover damages for his injuries, and on December 12, 1951, prior to trial, the cause was settled for $10,000. At that time, the payments made by the insurance carrier pursuant to the workmen's compensation judgment aggregated $3,072.03, and the settlement accordingly operated to release the carrier from its further liability of $3,000.

A dispute arose between Martin and the insurance carrier regarding the attorney's fee for services in the third-party suit, and the Travelers Insurance Company thereupon brought this action and deposited the fund in court.

There is no question of the right of the insurance carrier to reimbursement for the actual payments made under the workmen's compensation judgment. The sole issue is to what extent it is chargeable with the attorney's fee for legal services in the realization of the third-party settlement. Martin contends that it should bear the attorney's fee computed upon the whole amount of the workmen's compensation judgment. The insurance carrier, on the other hand, claims that the computation should be limited to the amount actually paid under the judgment, which is the sum being reimbursed, and should not include the unpaid balance of the judgment from the payment of which it has been released.

The answer to the question presented is to be found in R. S. 34:15–40 as amended by the L. 1951, c. 169, *page 464*. In my view, this amendment was enacted to rectify the inadequacies of the prior acts, as suggested in the opinion

of Judge Jacobs in *Fireman's Fund Indemnity Co. v. Batts,*
11 *N. J. Super.* 242 (*App. Div.* 1951), affirming 8 *N. J.
Super.* 519 (*Ch. Div.* 1950). These opinions, and the opin-
ion of Justice Ackerson in *United States Casualty Co. v.
Hercules Powder Co.,* 4 *N. J.* 157 (1950), give the historical
background of the statutory and decisional law relating to
the rights of the employee and of the employer or his insur-
ance carrier with respect to moneys recovered by the employee
from a third party causing the injury. It is unnecessary to
repeat what is stated in those opinions. For the purposes
of the present case, it will suffice to say that the original
Workmen's Compensation Act permitted the injured employee
to retain his workmen's compensation benefits and any sums
received by him from the third party causing the injury;
that statutory amendments were enacted to remedy this
inequitable situation, and to provide reimbursement to the
employer or his carrier. The statute prior to the last amend-
ment, however, required reimbursement in full to the em-
ployer or his insurance carrier for their expenditures without
deduction for expenses for the injured employee's attorney
for services rendered in the proceeding against the third-
party tortfeasor. Alluding to this situation, Judge Jacobs,
in *Fireman's Fund Indemnity Co. v. Batts, supra,* said:
"These and other related considerations may well be appropri-
ate for submission to the Legislature in the event it con-
siders further revision of the statutory provision; * * *"

Following this decision, the Legislature amended the stat-
ute to take effect on June 5, 1951, and it is reasonable to
assume that the change was effected to remedy the inequity.
As amended the statute, *R. S.* 34:15–40, provides:

"(b) If the sum recovered by the employee from the third person
or corporation is equivalent to or greater than the liability of the
employer or his insurance carrier under this statute, the employer
or his insurance carrier shall be released from such liability and shall
be entitled to be reimbursed, as hereinafter provided, for the medical
expenses incurred and compensation payments theretofore paid to
the injured employee or his dependents less employee's expenses of
suit and attorney's fee as hereinafter defined."

*Sub-section* (*e*) declares that:

"* * * 'attorney's fee' shall mean such fee, but not in excess of thirty-three and one-third per centum (33–1/3%) of that part of the sum paid in release or in judgment to the injured employee or his dependents by such third party or corporation to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions of this section, but on all sums in excess thereof, this percentage shall not be binding."

The amendment must be liberally construed for two reasons: first, it is remedial in nature having been enacted to correct a deficiency, *Motorlease Corp. v. Mulrooney*, 13 *N. J. Super.* 556 (*App. Div.* 1951), affirmed 9 *N. J.* 82 (1952), and, second, because it is part of the Workmen's Compensation Act, *Granahan v. Celanese Corp. of America*, 3 *N. J.* 187 (1949).

In *Savitt v. L. & F. Construction Co.*, 124 *N. J. L.* 173 (*E. & A.* 1940), the court construed sub-section (*e*) of *R. S.* 34:15–40 as follows:

"The base for the calculation of the fee is, as it should justly be, not the amount paid by the third-party tort-feasor, but the part thereof to which the employer (or his insurance carrier) shall be entitled in reimbursement, *i. e.*, the amount of his liability under the Workmen's Compensation Act, *R. S.* 1937, 34:15–7, *et seq.*, *N. J. S. A.* 34:15–7 *et seq.* The term 'reimbursement' plainly has reference to such portion of the sum received from the third-party tort-feasor as is the equivalent of the whole of the employer's liability under the Workmen's Compensation Act, *supra*, whether actually paid or not, if the recovery exceeds that liability. The Legislature had in mind 'reimbursement' of the quantum of the employer's statutory liability for compensation, in the sense of indemnification, rather than the payments actually made in satisfaction *pro tanto* of that obligation."

Under the Workmen's Compensation Act, the employer is responsible to his employee for an injury sustained in an accident arising out of and in the course of his employment even though the accident was caused by the negligence of a third party. A proceeding for compensation is neither an action upon contract nor one of tort, but rather a proceeding to enforce a statutory duty. *Baur v. Court of*

*Common Pleas of Essex*, 88 *N. J. L.* 128 (*Sup. Ct.* 1915). Since an employer or his insurance carrier is now under stated circumstances entitled to reimbursement in the event of recovery from a third-party tortfeasor, an employee bringing suit against such tortfeasor acts not only in his own behalf, but for the employer and his insurance carrier as well. Therefore, if as the result of action taken by an injured employee against a tortfeasor, an employer or his insurance carrier are relieved from the statutory obligations under the Workmen's Compensation Act, they should bear the proportionate share of the attorney's fee producing such result— not limited to the amount paid up to the time of the third-party settlement or judgment, but including the balance of the workmen's compensation judgment from which they are relieved. This conclusion is surely equitable, for the employer or his carrier should pay an attorney's fee upon the amount of the statutory obligation from the payment of which they have been relieved. Moreover, the injured employee but for his recovery from the third party would have been entitled to receive such statutory award from his employer or his carrier without deduction of any kind, except as specified in the workmen's compensation judgment.

Accordingly, from the moneys to which the employer's insurance carrier is entitled in reimbursement of payments made, there shall be deducted the fee of Harry Cohn, the injured employee's attorney in the third-party suit, based upon the full extent of liability under the workmen's compensation judgment, subject to the maximum 33 1/3 per cent stipulated in the statute.

Judgment accordingly.